**LOPEZ v. UNITED STATES et al.**

**Civ. A. No. 19403.**

United States District Court
E. D. New York.
Feb. 15, 1952.

Kuzmier, Zweibel, McKeon & Schmitt, and James McKeon, all of New York City, for libelant.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., Martin J. Norris and Benjamin H. Berman, New York City, for U. S.

Shumate, Barrett & Malloy and Chester E. Barrett, all of New York City, for Ship Tank Service Corp.

Alexander & Ash, and Sidney Schwartz, all of New York City, for T. J. Hammill & Co., Inc.

KENNEDY, District Judge.

This is a suit brought by a ship cleaner employed by Ship Tank Service Marine Corporation (Ship Tank). He sues for personal injuries which were suffered on board the United States Army Transport

Lawrence Victory on June 3, 1949. At 8:00 o'clock on the day in question the cleaning gang of Ship Tank boarded the vessel while she lay at Pier 14, Staten Island. Their engagement was to clean out dunnage and debris. It is the claim of libelant that he climbed on top of hatch No. 4 for the purpose of removing the tarpaulin; that he tripped and fell and injured himself because there was a missing hatch-board, causing a depression in the tarpaulin which in turn caused him to trip and fall.

■ Forgetting for the moment any other circumstances, it is quite clear that Lawrence Victory at the time of the accident was a public vessel owned by the United States and operated by the United States Army Transport Service. Libelant's suit is squarely predicated on the Public Vessels Act, 46 U.S.C.A. § 781 et seq. He must therefore establish jurisdiction by showing that the Republic of Cuba (of which he is a national) would permit an American national to sue the Cuban government in a similar situation. 46 U.S.C.A. § 785. Respondent United States called evidence at the trial which is persuasive to the effect that an American national has no right to sue the Cuban government for injuries sustained on a public vessel except possibly where the operation and control of the ship is in a "special agent" as distinguished from a regular branch of the government. Here there can be no question that the United States Army Transport Service (a general agency of the United States Army) was in control of the ship. This leads to the conclusion that jurisdiction was not established under the Public Vessels Act and that the libel must therefore be dismissed.

■ However, it may not be amiss to discuss the merits. At the close of the entire case I dismissed the libel as against the impleaded-respondents Ship Tank Service Marine Corporation (libelant's employer) and T. J. Hammill & Co., Inc. (carpenters). There was no contract of indemnity by Ship Tank sufficient to sustain a liability over, and no believable evidence of any independent acts on the part of T. J. Hammill & Co., Inc. upon which such a liability could be based. Thus there remained only the question whether libelant had established fault on the part of the United States, and I would find that he did not. As I have said, the accident to Lopez occurred at 8:00 A. M. on June 3, 1949, while he was in the act of removing a tarpaulin from the hatch. Lopez denied that his gang had done any work in that hold on June 2nd. Yet it was established to my satisfaction by the evidence, including documentary evidence, that on June 2, 1949, hatch No. 4 was broom swept by Ship Tank, i. e., the employer of Lopez. There can be no doubt that the custom is for the tank cleaners to replace the hatch-boards, and I should think that the only permissible inference is that the tank cleaners had control over the hatch during June 2nd (the day before the accident) as well as on June 3rd (the day of the accident). There is nothing to show that the ship's company replaced the hatch-boards, and there is everything to indicate that whatever was done to those hatch-boards was done by the employer of Lopez.

Therefore if I had jurisdiction I would have no alternative except to hold that Lopez had not sustained his burden of proof to the extent that his claim is based on the negligence of the respondent. His employer is, of course, insulated, so far as he is concerned, against any claim of negligence. And since Lopez was not a longshoreman there is no basis for a claim of unseaworthiness.

The libel is accordingly dismissed against the United States upon the ground of want of jurisdiction.