## MAIORINO v. UNITED STATES et al.

United States District Court
S. D. New York.

Dec. 19, 1952.

Jacob Rassner, New York City, for libelant.

Irving H. Saypol, U. S. Atty., New York City, Haight, Deming, Gardner, Poor & Havens, New York City, of counsel, J. M. Estabrook and M. E. DeOrchis, New York City, for the United States.

John P. Smith, New York City, Albert S. Commette, New York City, for Jarka Corp. respondent-impleaded.

COXE, District Judge.

This is a suit brought by Vincenzo Maiorino, libelant, against the United States, respondent, under the Public Vessels Act, 46 U.S.C.A. § 781 et seq., to recover damages for personal injuries sustained by libelant on March 21, 1943 while working as a longshoreman in the No. 2 hold of the S. S. St. Olaf, a Liberty ship owned by the United States and docked at Pier 29, Brooklyn, New York.

At the time of the accident, libelant was in the employ of the Jarka Corporation, respondent-impleaded, which was engaged in loading the vessel under a contract with the United States. He was injured when a metal beam clamp, attached to a frame or rib of the vessel, and being used by the longshoremen in the No. 2 hold to move heavy cases containing United States Army trucks, fell and the wire of the clamp block struck his right foot, causing a comminuted fracture of the first metatarsal bone.

After the accident, libelant was taken to a hospital where his foot was put in a plaster cast. After six days in the hospital, he was sent home where he managed to get around on crutches for about four months. On November 11, 1943 he obtained employment and worked as a watchman with an engineering company until 1945. He then worked for some months as a machinist's helper, and later he was employed as a helper by the Jarka Corporation and also worked on concrete construction.

In the meantime, libelant had been receiving compensation payments under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., at the rate of $20 a week for the period from March 22, 1943 to April 30, 1944, amounting in the aggregate to $1,151.21.

In his libel filed March 20, 1945, libelant alleged that his injuries were caused by the unseaworthiness of the vessel and the negligence of the United States. He further alleged that at all times mentioned in the pleading he "was and still is a citizen of the United States". However, at the trial he admitted on cross-examination that he was not an American citizen, but a citizen of Italy, and had been living in the United States for over thirty years without being naturalized.

The critical question in the case is whether libelant, an Italian national, has established his right to sue the United States under Section 5 of the Public Vessels Act, 46 U.S.C.A. § 785, which reads:

"No suit may be brought under this chapter by a national of any foreign government unless it shall appear to the satisfaction of the court in which suit is brought that said government, under similar circumstances, allows nationals of the United States to sue in its courts".

It was thus incumbent on libelant to prove that an American citizen, under circumstances similar to those involved here, would have been allowed to sue the Italian government in the Italian courts on March 20, 1945, the date when the present suit was commenced. Lauro v. United States, 2 Cir., 1947, 162 F.2d 32; Lopez v. United States, D.C., 102 F.Supp. 870.

Libelant and respondent each called an expert witness who testified regarding Italian law. Much of the testimony was directed to March, 1943, the time of the accident, but I am satisfied from a careful reading of the record that it is equally applicable to March 20, 1945, when the suit was commenced. Both experts were in agreement that under Italian law, an American citizen working as a longshoreman on an Italian government vessel in

Italy could not have maintained a civil suit against the Italian government for damages for personal injuries resulting from unseaworthiness or ordinary negligence; his rights would have been limited to workmen's compensation similar to that allowed and paid the libelant here.

I think therefore that libelant has failed to supply the proof required by Section 5 of the Public Vessels Act, and the libel is accordingly dismissed for lack of jurisdiction.